WILLIAM G. DAVIES and JULIEN T. DAVIES, as Trustees under the Last Will and Testament of HENRY E. DAVIES, Deceased, Respondents, v. FRANCIS A. CLARK, Appellant.

1. ACTION BY LESSORS FOR DAMAGES FOR BREACH OF LESSEE'S COVENANT TO MAKE IMPROVEMENTS WITHIN A CERTAIN TIME — EXTENSION OF TIME. The lessors in a lease for a term of years, by which the lessee covenanted to make certain improvements within ninety days after the commencement of the term, and which imposed upon him the duty of procuring, and conforming to, the approval of the municipal building department, commenced an action, on the expiration of the ninety days, to recover damages for the lessee's failure to perform his covenant. The case being in a condition for taking an inquest, it was agreed that if the lessee should give a mortgage as security for performance, and should within thirty days commence the improvements, with the approval of the building department, and proceed with diligence, payment of the mortgage would not be required. The lessee gave the mortgage, but the lessors, claiming that an appraisal of the mortgaged premises showed the security to be inadequate, enforced the inquest and entered judgment. The lessee commenced the work within thirty days from the making of the agreement, and having obtained leave to open the judgment, interposed a supplemental answer, setting up the agreement and his compliance therewith. The action was tried, and resulted in a recovery of damages by the lessors, upon a decision that the lessee had not performed the covenant of the lease at the time of the commencement of the action or at the time when the supplemental answer was served. *Held*, that the recovery was erroneous, in that the decision did not include a determination as to whether the defendant, at the time of the trial, had performed or was performing with diligence the agreement extending his time.

2. DUE DILIGENCE — DELAY OCCASIONED BY BUILDING DEPARTMENT. *Held*, also, that for the purpose of establishing reasonable diligence in proceeding with the work under the agreement extending the time for commencing operation, the lessee had the right to show delays occasioned by the building department or by the inspectors of that department having charge of the work.

3. VALUE OF PREMISES MORTGAGED BY LESSEE AS SECURITY FOR PERFORMANCE. *Held*, also, that for the purpose of rebutting hearsay evidence as to the appraisal of the mortgaged premises, by reason of which the lessors claimed that the mortgage was inadequate, the lessee was entitled to show by a builder the fair market value of the premises.

*Davies* v. *Clark*, 10 App. Div. 68, reversed.

(Argued May 3, 1899; decided June 6, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 28, 1896, affirming a judgment of the late Court of Common Pleas for the city and county of New York in favor of plaintiffs entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Dennis McMahon* for appellant. The referee erred in refusing to dismiss the third cause of action of the plaintiffs' complaint. (*Grant* v. *Johnson,* 5 N. Y. 247; L. 1882, ch. 410, §§ 502, 503, 504.) Assuming that the action was commenced on the 12th of September, 1894, which is the fact, the referee ought to have dismissed the complaint. (*Giles* v. *O'Toole,* 4 Barb. 261; *Lawrence* v. *Wardwell,* 6 Barb. 423; *Berrian* v. *Olmstead,* 4 E. D. Smith, 279; *Hexter* v. *Knox,* 7 J. & S. 109; *Walker* v. *Swayzee,* 3 Abb. Pr. 136; *Flynn* v. *Hatton,* 43 How. Pr. 333; *Arnold* v. *Clark,* 13 J. & S. 252; *Sparks* v. *Bassett,* 17 J. & S. 270; *Mayor, etc.,* v. *S. A. R. R. Co.,* 102 N. Y. 572.) The learned referee below adopted an erroneous rule of damages. (*Giles* v. *O'Toole,* 4 Barb. 261; *Lawrence* v. *Wardwell,* 6 Barb. 423.) The covenant in question to make the alterations within ninety days must be construed to be dependent upon the approval by the building department of such plans and specifications, so that there could not be any breach on the part of the lessee until ninety days after such approval was obtained. (*Powers* v. *Shepard,* 48 N. Y. 540; *Smith* v. *City of Albany,* 7 Lans. 14; 61 N. Y. 444.) Plaintiffs waived a strict-time performance of the execution of this covenant. (*A. C. I. Co.* v. *Eisner,* 7 J. & S. 200; *Nichols* v. *Mase,* 94 N. Y. 160; *Phelps* v. *Mayor, etc.,* 37 N. Y. S. R. 203; *Morrison* v. *Morrison,* 4 Hun, 410; *Haden* v. *Coleman,* 73 N. Y. 567; *Stout* v. *Jones,* 120 N. Y. 638; *Beinhauer* v. *Gleason,* 119 N. Y. 658; *Flaherty* v. *Miner,* 123 N. Y. 382; *Hector* v. *Ehstein,* 50 How. Pr. 445.)

*Herbert Barry* for respondents. The prevailing opinion of the justices of the Appellate Division correctly held that the duty rested upon the defendant, not upon the plaintiffs, to procure the approval of the building department as to the proposed alterations and repairs. (L. 1882, ch. 410, §§ 501, 503; *Tompkins* v. *Dudley,* 25 N. Y. 272; *Ward* v. *H. R. B. Co.,* 125 N. Y. 230; *Ford* v. *Cotesworth,* L. R. [4 Q. B.] 134; *School District* v. *Dauchy,* 25 Conn. 530; *Stees* v. *Lennon,* 120 Minn. 494; *School Trustees* v. *Bennett,* 27 N. J. L. 513; *Beebe* v. *Johnson,* 19 Wend. 500; *Booth* v. *S. D. R. M. Co.,* 60 N. Y. 487; *McDermot* v. *James,* 2 Wall. 1.) Upon the expiration of the ninety days from the commencement of the term, the plaintiffs were entitled to institute and maintain this action without awaiting the termination of the tenancy. (*Chamberlain* v. *Parker,* 45 N. Y. 569; *Agate* v. *Lowenbein,* 57 N. Y. 604; *Robinson* v. *Kime,* 70 N. Y. 147; *Ray* v. *Ayers,* 5 Duer, 494; *Van Deusen* v. *Young,* 29 N. Y. 10; *Robinson* v. *Wheeler,* 25 N. Y. 252; *Austin* v. *H. R. R. Co.,* 25 N. Y. 334; *Freer* v. *Stotenbur,* 2 Keyes, 467.) The measure of damages adopted by the referee and approved by the Appellate Division of the Supreme Court was correct. (Wood on Landl. & Ten. § 403; *Luxmore* v. *Robson,* 1 B. & A. 584; *Smith* v. *Peat,* 9 Exch. 161; *Colley* v. *Streeton,* 2 B. & C. 273; *Turner* v. *Lamb,* 14 M. & W. 412; *Macnamara* v. *Vincent,* 2 Ir. Ch. 481; *Bell* v. *Hayden,* 9 Ir. C. L. 301; *Mills* v. v. *E. L. Union,* L. R. [9 C. P.] 659; *Worcester* v. *Rowlands,* L. R. [9 C. P.] 734; *Chamberlain* v. *Parker,* 45 N. Y. 569; *Kernochan* v. *N. Y. E. R. R. Co.,* 128 N. Y. 559.) Work done by the defendant subsequent to the institution of the suit does not affect plaintiffs' cause of action, no waiver of the breach being shown. (*Lawton* v. *F. R. R. Co.,* 8 Cush. 230; *Van Brunt* v. *Ahearn,* 23 Hun, 288; *Atwood* v. *Norton,* 27 Barb. 638; *Colby* v. *Reed,* 99 U. S. 560; *Payne* v. *Haine,* 16 M. & W. 641; *Gould* v. *Banks,* 8 Wend. 563; *Ganson* v. *Tifft,* 71 N. Y. 48; *Masterton* v. *Mayor, etc.,* 7 Hill, 61; *Agate* v. *Lowenbein,* 57 N. Y. 604; *Livermore* v. *Northrup,* 44 N. Y. 107.)

HAIGHT, J. This action was brought to recover for a breach of covenants contained in a lease made by the plaintiffs, as lessors, to the defendant, as lessee. Originally the complaint embraced three causes of action, but two have been eliminated, and only one remains.

On the 18th day of April, 1894, the plaintiffs, as parties of the first part, as lessors, and the defendant, as party of the second part, as lessee, executed a lease of premises known as No. 806 Eighth avenue, in the city of New York, for the term of seven years, commencing on the first day of May, 1894, at the yearly rent of $3,250 from the first day of May, 1894, to the first day of May, 1897, and at the yearly rent of $3,500 for the last four years of the term. The lease contained the following covenants: "And the said party of the second part further covenants and agrees that he will comply with all requirements of the board of health, municipal authorities, police and fire departments of the city of New York. And the said party of the second part further covenants and agrees that he will, within ninety days after the commencement of the said term, at his own proper cost and expense, make and complete the alterations and repairs, provided for by the plans and specifications submitted to and approved by the parties of the first part on the 18th day of April, 1894." The plans and specifications herein specified as executed on the 18th day of April, 1894, described in detail with drawings the improvements to be made, and concluded as follows: "All the above work will be done in accordance with the rules and regulations of the building department."

This action was commenced on the 12th day of September, 1894, and the relief demanded is that the plaintiffs recover the damages they have sustained by reason of the failure of the defendant to complete the alterations and repairs upon the premises provided for in the covenants alluded to. It appears that at the time the action was brought the time within which the alterations were to be completed had expired and that the defendant had not then commenced the repairs or taken any

steps to procure the approval of the plans and specifications by the building department of the city.

After the action had been commenced the defendant made an unsuccessful attempt to procure the approval of the plans by the building department and interposed an answer. The situation then remained unchanged until the 24th day of May, 1895, at which time the case, being upon the short cause calendar, was moved for trial by the plaintiffs, and, in the absence of the defendant, an inquest was taken and a judgment for damages entered for $8,882.54. Subsequently the default of the defendant was excused, the judgment opened and the defendant was let in to defend upon giving security to pay any judgment that should be finally entered against him. He then was allowed to serve a supplemental answer. The case was referred to a referee, who, after trial, reported a judgment in favor of the plaintiffs for $2,500 damages.

We think that the learned referee properly construed the lease ; that under the covenants the duty devolved upon the lessee to procure the approval of the building department to the plans and specifications agreed upon, and that he undertook to make the improvements in accordance with such plans as modified to meet the requirements of the building department. We also agree with the referee that he adopted the true rule for determining the measure of damages upon the assumption that the situation of the parties remained as disclosed down to the day on which the inquest was taken. We are not, however, satisfied that, in the judgment directed by him, exact justice has been done the defendant. It is true he was in default and had, doubtless, failed to keep and perform his repeated promises. But, notwithstanding this, he is entitled to such rights as the law affords and should be called upon to pay only such damages as he has caused by his acts or neglects.

On the morning of the 24th of May, 1895, before the inquest was taken, the parties met in the court room and there had a conversation with reference to a settlement. It was then arranged that the defendant should give the plaintiffs a bond and mortgage for $5,000 on property owned by

him at the southwest corner of 97th street and Second avenue in the city of New York, payable on the 24th day of June, 1895, and that the bond and mortgage should be delivered before three o'clock of that day. The plaintiffs orally agreeing in case the bond and mortgage were given, the defendant might proceed and construct the building as agreed upon according to the plans and specifications as they should be approved by the building department, and if the building was commenced within thirty days, and the defendant proceeded with diligence, payment upon the bond and mortgage would not be required. There is some conflict between the parties as to the details of this agreement. It was understood on the part of the defendant and his attorney, as they testify, that the suit was to be discontinued. Upon the part of the plaintiffs, as they understood the arrangement, the suit was not to be discontinued, but an inquest was to be taken, and then no judgment was to be entered provided the bond and mortgage were satisfactory, and that for the purpose of determining whether the bond and mortgage were satisfactory, an appraisal was to be had of the premises to ascertain if the security was good. The fact is undisputed that the bond and mortgage were delivered to the plaintiffs' attorney before three o'clock, and that it was immediately placed upon record. A day or two afterwards judgment was entered upon the inquest taken by the plaintiffs, an execution was issued upon the judgment, and a levy was made upon the funds of the defendant in the bank. The plaintiffs claim that they caused an appraisal to be made of the premises, and found that the security was not satisfactory, and thereupon caused judgment to be entered and a notice given to the defendant's attorney that the bond and mortgage would be returned upon his paying certain costs of appraisal, etc.

The situation of the defendant was then embarrassing in the extreme. He was, figuratively speaking, between the upper and nether millstones. He had given a bond and mortgage in the sum of $5,000 absolute in form, as security that he would commence work upon the contemplated building at

once and complete it with reasonable dispatch. Failing in this he was bound to pay the $5,000. On the other hand, he had a judgment against him upon which a levy had already been made for nearly $9,000, when the damages as sworn to by the plaintiffs' own agent in this case were but $2,500, the amount for which the referee allowed judgment. He could not take back the bond and mortgage under the arrangement without becoming bound by the judgment which required him to pay in the neighborhood of $6,000 more damages than he had caused. He could not neglect to proceed with the work and construct the building without becoming liable to pay the bond and mortgage. In this situation he petitioned the court to open the judgment and to allow him to interpose his defense, and this relief, as we have seen, was granted. He then within thirty days commenced the construction of the building and proceeded therewith down to and during the trial of this action, and some evidence tends to show that it was substantially or nearly completed. The referee's report is general under the provisions of the Code and does not contain specific findings of fact and conclusions of law, but in stating his ground of decision he says: "The defendant had not, at the time of the commencement of this action, performed the covenants set forth in the third cause of action alleged in the complaint, nor had he performed the same at the time the supplemental answer was served herein, nor had he substantially performed the same." As we understand this, it relates to the time when the action was commenced and also to the time when the supplemental answer was served and does not relate to the time of the trial. The defendant, in his supplemental answer, had set up the agreement under which the bond and mortgage were delivered and alleged performance thereunder, both as a defense and in mitigation of damages. It will at once be seen that it became important to determine whether the defendant had performed or was performing with diligence the agreement entered into on the 24th day of May. If he had performed, then the plaintiffs were not entitled to this judgment. If he had not performed then they

were entitled to recover. This question we do not understand the referee to have determined, and inasmuch as the report is general we think the question is raised by the general exception that was filed thereto.

The defendant, in order to sustain his defense under the agreement of May 24th, 1895, was bound to show that he commenced operation within thirty days; that he procured the consent of the building department, and that he proceeded with the work with reasonable diligence. For the purpose of establishing reasonable diligence he had the right to show the delays occasioned by the building department or by the inspectors of that department having charge of the work. Evidence of this character was, in a number of instances, ruled out under the exception of the defendant. It is true that the referee, near the end of the defendant's testimony, changed his ruling with reference to this class of evidence as to the witness Watson, but as to the other witnesses the ruling remained unchanged and their evidence was not received.

The plaintiffs, as we have seen, entered judgment upon the inquest, notwithstanding the agreement of May 24th. They justify their action in this regard upon the claim that the appraisal showed the premises to be incumbered and not worth the amount of the defendant's mortgage to them. They, however, did not present as a witness the person who made the appraisal, so that we have not the advantage of his testimony. The only evidence we have upon the subject is the oral report made to them. The evidence about the appraisal was, therefore, hearsay. For the purpose of rebutting it the defendant undertook to show by a builder the fair market value of the 97th street property covered by the mortgage. This was objected to as incompetent, immaterial and irrelevant. The objection was sustained and an exception taken. We think it was competent and material. It might have shown that the property was of ample value to secure the payment of the mortgage, and that the plaintiffs were not justified in terminating the agreement made on the 24th of May, and entering the judgment taken upon the inquest.

Many other exceptions were taken to the admission and exclusion of evidence upon the trial, which we do not deem it necessary to here consider. The lease, as we have seen, was for seven years. The plaintiffs were entitled to have the benefit of the improvements upon the premises contracted for upon the termination of the lease. If the improvements called for have finally been made, the plaintiffs have suffered but nominal damages.

It is claimed that under the will of Henry E. Davies, deceased, the plaintiffs, as trustees, have no power of sale. To establish this the defendant offered a copy of the will produced by the plaintiffs in evidence, but the same was excluded by the court.

Inasmuch as no exception was taken to this ruling no question is presented for our review upon this branch of the case.

For the other reasons stated, the judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur, except GRAY, J., not voting.

Judgment reversed, etc.